```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/21/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KE DENG,

       Plaintiff,

-against-

ALEJANDRO MAYORKAS, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; TIMOTHY HOUGHTON, DIRECTOR, NEW YORK OFFICE, US CITIZENSHIP AND IMMIGRATION SERVICES; SCOTT VELEZ, DEPUTY DIRECTOR, NEW YORK OFFICE, US CITIZENSHIP AND IMMIGRATION SERVICES,

       Defendants.

21-CV-6507 (VSB)

SECOND ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

  Plaintiff, appearing *pro se*, brings this action under 28 U.S.C. §1361, seeking mandamus relief with regard to United States Citizenship and Immigration Service's (USCIS) failure to issue a decision as to Plaintiff's appeal of the denial of adjustment of status ("I-290B application"). By order dated August 11, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## DISCUSSION

  Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the action is filed, Plaintiff is proceeding IFP and could not have served summonses

and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Alejandro Mayorkas, Secretary of the Department of Homeland Security; Timothy Houghton, Director of USCIS's New York Office; and Scott Velez, Deputy Director of USCIS's New York Office, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to (1) mark the box on the USM-285 forms labeled "Check for service on U.S.A.," for service on the United States; (2) issue summonses for Defendants; and (3) deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

The Clerk of Court is further instructed to ensure that copies of the foregoing are served on the Office of the United States Attorney for the Southern District of New York.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses, complete the USM-285 forms with the addresses for Alejandro Mayorkas, Secretary of the Department of Homeland Security; Timothy Houghton, Director of USCIS's New York Office; and Scott Velez, Deputy Director of

2

USCIS's New York Office, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 21, 2021
         New York, New York

_____
VERNON S. BRODERICK
United States District Judge

3

**DEFENDANTS AND SERVICE ADDRESSES**

1. Alejandro Mayorkas
   Secretary of the Department of Homeland Security
   U.S. Department of Homeland Security
   Washington, DC 20528

2. Timothy Houghton,
   Director of USCIS's New York Office
   U.S. Citizenship and Immigration Services
   20 Massachusetts Avenue, NW
   Washington, DC 20529

3. Scott Velez
   Deputy Director of USCIS's New York Office
   U.S. Citizenship and Immigration Services
   20 Massachusetts Avenue, NW
   Washington, DC 20529